1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SAMMY CARRANZA, *et al.*,            )
                                     )
                Plaintiffs,          )      Case No.: 2:15-cv-1471-GMN-CWH
        vs.                          )
                                     )              **ORDER**
U.S. BANK, N.A., *et al.*,           )
                                     )
                Defendants.          )
                                     )
                                     )
_____     )

Pending before the Court is the Motion to Dismiss, (ECF No. 22), filed by Defendants U.S. Bank, N.A. ("U.S. Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Dana Bowman (collectively "Moving Defendants"). *Pro se* Plaintiffs Sammy Carranza and Tera Carranza filed a response in opposition, (ECF No. 30), and Moving Defendants filed a reply, (ECF No. 31).[1]

## I. BACKGROUND

This case centers upon allegations that Moving Defendants are wrongfully attempting to foreclose upon Plaintiffs' residence, located at 9264 Moose Country Place in Las Vegas, Nevada (the "Property"). (Compl., ECF No. 1-1).[2]

---

[1] Plaintiffs also filed a Motion requesting that this action be remanded to a probate court located in Clark County, Nevada. (ECF No. 16). However, as Plaintiffs raise causes of action arising under the Truth in Lending Act as well as the Real Estate Settlement Procedures Act, this Court possesses federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331. Accordingly, Plaintiffs' Motion to Remand will be denied.

Additionally, Plaintiffs have filed several Motions requesting that various documents filed by Defendants be stricken, (ECF Nos. 8, 12), that Plaintiffs be awarded fees and costs, (ECF No. 13), and that default be entered against Defendants, (ECF No. 21). After reviewing these Motions, the Court finds that they are without merit. Plaintiffs have not presented any sufficient legal basis for the Court to strike Defendants' filings, and Plaintiffs have failed to provide sufficient evidence indicating that any of the Defendants were properly served in this matter. Thus, Plaintiffs' Motions will be denied.

[2] In light of Plaintiffs' status as *pro se* litigants, the Court has liberally construed their filings, holding them to

1    According to the Complaint, on March 3, 2010, Plaintiffs obtained a loan in the amount

2    of $216,015 from Southern Fidelity Mortgage, LLC ("Southern Fidelity") that was secured by a

3    deed of trust on the Property. (*Id.* ¶ 29).  The Deed of Trust was recorded on March 10, 2010.

4    (Deed of Trust, Ex. 3 to Mot. to Dism., ECF No. 22-1).[3]  Subsequently, on May 1, 2010,

5    Southern Fidelity assigned its interest in the mortgage loan to U.S. Bank. (Notice of

6    Assignment, Ex. 4 to Mot. to Dism., ECF No. 22-1).  On September 7, 2012, the Deed of Trust

7    was assigned to U.S. Bank. (Assignment of Deed of Trust, Ex. 5 to Mot. to Dism., ECF No. 22-

8    1).  Plaintiffs also appear to allege that one or more of the Defendants have initiated an action

9    to foreclose upon the Property. (Compl. ¶ 40).

10    Based on these allegations, Plaintiffs filed their Complaint in Clark County District

11    Court on May 29, 2015, setting forth claims for (1) lack of standing to foreclose, (2) fraud in

12    the concealment, (3) fraud in the inducement, (4) intentional infliction of emotional distress, (5)

13    slander of title, (6) quiet title, (7) declaratory relief, (8) violation of the Truth in Lending Act

14    ("TILA"), (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), and (10)

15    rescission. (*Id.* ¶¶ 56-156).  Defendants removed the action on July 31, 2015, citing this Court's

16    federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Pet. for Rem. 2:22-25, ECF No. 1).

17    In the instant Motion, Moving Defendants argue, *inter alia*, that Plaintiffs have failed to

18    state a claim upon which relief can be granted, and thus assert that the Complaint should be

19    dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

20    **II. LEGAL STANDARD**

21    Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

22    which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

23

24    standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94
     (2007).

25    [3] As matters of public record, the Court takes judicial notice of Exhibits 2-5 of the Motion to Dismiss. *See Lee v.
     City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

1    555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

2    which it rests, and although a court must take all factual allegations as true, legal conclusions

3    couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule

4    12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

5    of a cause of action will not do." *Id*.

6           "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

7    accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

8    U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility

9    when the plaintiff pleads factual content that allows the court to draw the reasonable inference

10   that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a

11   sheer possibility that a defendant has acted unlawfully." *Id*.

12          "Generally, a district court may not consider any material beyond the pleadings in ruling

13   on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

14   1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the

15   complaint may be considered." *Id*.  Similarly, "documents whose contents are alleged in a

16   complaint and whose authenticity no party questions, but which are not physically attached to

17   the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without

18   converting the motion to dismiss into a motion for summary judgment. *E.g.*, *Branch v. Tunnell*,

19   14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice

20   of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.

21   1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss

22   is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

23          If the court grants a motion to dismiss for failure to state a claim, leave to amend should

24   be granted unless it is clear that the deficiencies of the complaint cannot be cured by

25   amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

As an initial matter, the Court notes that the Complaint in this case appears to be a version of a form complaint available on the internet.[4]  Strikingly similar incarnations of this complaint have routinely been dismissed by other U.S. district courts across the country. *See, e.g.*, *Taylor v. Wells Fargo Bank, N.A.*, 85 F. Supp. 3d 63 (D.D.C. 2015); *Lakiesha v. Bank of New York Mellon*, No. 3:15-CV-0901-B, 2015 WL 5934439 (N.D. Tex. Oct. 9, 2015); *Wilson v. Regions Bank*, No. 3:14-CV-2344, 2015 WL 4276262  (M.D. Tenn. July 14, 2015), *report and recommendation adopted*, No. 3:14-CV-2344, 2015 WL 4758078 (M.D. Tenn. Aug. 10, 2015); *Diamond v. Wells Fargo Bank, N.A.*, No. CV-14-00975-PHX-SPL, 2015 WL 9691031 (D. Ariz. June 30, 2015); *Hakimi v. Bank of New York Mellon*, No. 2:14-CV-2215-JCM-CWH, 2015 WL 2097872 (D. Nev. May 5, 2015); *Kennedy v. World Sav. Bank, FSB*, No. 14-CV-5516-JSC, 2015 WL 1814634 (N.D. Cal. Apr. 21, 2015); *Dagres v. Countrywide Bank*, N.A., No. 2:14-CV-1339-CAS, 2014 WL 3417848 (C.D. Cal. July 10, 2014), *appeal dismissed* (9th Cir. Sept. 25, 2014).

Moreover, the Complaint appears to make little attempt to connect Plaintiffs' claims to specific facts relevant in this particular case.  Plaintiffs refer generally to "Defendants" without specifying or delineating which Defendant took which action.  Further, many of Plaintiffs' allegations are bare legal conclusions that the Court need not accept as true. *Iqbal*, 556 U.S. at

---

[4] *See* Sample Complaint, *available at* http://www.certifiedforensicloanauditors.com/pdfs/SAMPLECOMPLAINT.pdf.

1   679.

2          Moving Defendants argue that the Complaint should be dismissed because Plaintiffs'

3   claims are based on legal theories that are contrary to law.  The Court will first address

4   Plaintiffs' general assertions regarding the securitization of the loan and the validity of the

5   assignment, and will then discuss each of Plaintiffs' claims in turn.

6          **A. Securitization**

7          It is thoroughly established that "[s]ecuritization of a loan does not in fact alter or affect

8   [a] legal beneficiary's standing to enforce [a] deed of trust." *Reyes v. GMAC Mortgage, LLC.*,

9   2:11-CV-0100-JCM-RJJ, 2011 WL 1322775, at *2 (D. Nev. 2011); *see also Joyner v. Bank of*

10  *Am. Home Loans*, No. 2:09-CV-2406-GMN-RJJ, 2010 WL 2953969, at *1 (D. Nev. July 26,

11  2010), *aff'd sub nom. Joyner v. Bank of Am. Home Loans Servicing, LP*, 473 F. App'x 724 (9th

12  Cir. 2012) (stating that legal theories asserting that mortgage loans are invalidated upon being

13  securitized have "been addressed on multiple occasions by this Court, weighed and found

14  wanting").  Furthermore the agreements created by securitization are distinct from a mortgage

15  borrower's debt obligations, and therefore the process of securitization itself does not change

16  the obligation of the borrower to repay the amount due under a note. *See Reyes*, No. 2:11-CV-

17  0100-JCM-RJJ, 2011 WL 1322775, at *3 (D. Nev. Apr. 5, 2011) (citing *Commonwealth Prop.*

18  *Advocates, LLC v. First Horizon Home Loan Corp.*, No. 2:10-CV-0375, 2010 WL 4788209, at

19  *4 (D. Utah Nov. 16, 2010)).

20         Plaintiffs repeatedly claim that the loan was rendered void because the securitization

21  process may have separated the Note from the Deed of Trust.  Indeed, Plaintiffs' first, third,

22  fourth, fifth, sixth, seventh, and tenth causes of action turn at least partially upon the assertion

23  that securitization voided Plaintiffs' repayment obligation.  Therefore, these claims must be

24  dismissed because there are no grounds upon which relief can be granted.

25  ///

**B. Validity of the Assignment**

Several times throughout their Complaint, Plaintiffs assert that the assignment of the interests in the Property to Defendants were void because of violations of a "Pooling and Servicing Agreement." *See, e.g.*, (Compl. 14:6-24, 27:26-28:8).  However, it is well settled that third parties lack standing to assert violations of pooling and servicing agreements. *See, e.g.*, *Hakimi v. Bank of New York Mellon*, No. 2:14-CV-2215-JCM-CWH, 2015 WL 2097872, at *5 (D. Nev. May 5, 2015); *Viloria v. Premium Capital Funding LLC*, No. 2:12-CV-0406-KJD-PAL, 2012 WL 4361252, at *3 (D. Nev. Sept. 20, 2012).  Accordingly, Plaintiffs lack standing to assert that a pooling and servicing agreement was violated in this case, or that any assignment of the mortgage loan was invalid.

**C. Lack of Standing to Foreclose**

Plaintiffs assert that Defendants lack standing to institute foreclosure proceedings because they cannot show that they have a valid interest in the Property. (Compl. ¶¶ 56-82).  To the extent that Plaintiffs are alleging a statutory defect in foreclosure pursuant to Chapter 107 of Nevada Revised Statutes, their claim fails as a matter of law.  "Nevada statutes do not require parties initiating foreclosure to first provide proof that they are the holder and owner of the mortgage and note." *Birkland v. Countrywide Home Loans, Inc.*, No. 2:11-CV-0502-GMN-PAL, 2012 WL 83773, at *4 (D. Nev. Jan. 11, 2012).  Furthermore, securitization does not bar a party from initiating foreclosure proceedings. *Id.*; *see also* NRS § 107.080; *Chavez v. California Reconveyance Co.*, No. 2:10-cv-0325-RLH-LRL, 2010 WL 2545006, at *2 (D. Nev. 2010) ("NRS 107.080 does not forbid the securitization of a loan.").

**D. Fraud in the Concealment and Fraud in the Inducement**

In their Complaint, Plaintiffs have failed to delineate the actions of the Defendants in this case, and merely assert broad and generalized claims that Defendants misrepresented and concealed information regarding the mortgage loan and its subsequent securitization. (Compl.

¶¶ 83-99).  The vague and imprecise nature of Plaintiffs' allegations has effectively denied Defendants any meaningful opportunity to refute or defend against Plaintiffs' fraud claims. Plaintiffs have not offered a single factual allegation concerning the "who, what, when, where, or how" of the alleged fraud.  Even construing Plaintiffs' Complaint liberally, the allegations fail to meet the particularity requirement of Federal Rule of Civil Procedure 9 with respect to all of their fraud claims. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong.").  Therefore, the claims for fraud in the concealment and fraud in the inducement will be dismissed.

### E. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress, a plaintiff must allege that: (1) a defendant engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) [the plaintiff] suffered severe or extreme emotional distress; and (3) actual or proximate causation." *Posadas v. City of Reno*, 851 P.2d 438, 444 (Nev. 1993).  "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community"; however, this description does not encompass acts which are merely "inconsiderate" or "unkind." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998).

In this case, Plaintiffs fail to allege any "extreme and outrageous" conduct by Defendants.  Plaintiffs appear to allege that Defendants have initiated foreclosure proceedings on the Property.  Other than the securitization argument, which the Court has found meritless, Plaintiffs provide no basis for their conclusion that Defendants lack the authority to foreclose on the property.  Moreover, the mere act of foreclosing upon a property does not, by itself, constitute "extreme and outrageous conduct." *See Martin v. Bank of Am.*, No. 2:15-CV-0372-

GMN-PAL, 2016 WL 70456, at *3 (D. Nev. Jan. 6, 2016).  Thus, Plaintiffs cannot establish the elements of intentional infliction of emotional distress, and this claim will be dismissed.

### F. Slander of Title

The elements of a claim for slander of title are: (1) false and malicious communications, (2) which were disparaging to one's title in land (3) that caused special damage. *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987).

Here, Plaintiffs' allegations do not demonstrate that the foreclosure documents allegedly filed by Defendants disparage Plaintiffs' title.  Plaintiffs do not set forth allegations plausibly showing that Defendants made any false statements, or that they made statements with malicious intent.  Additionally, Plaintiffs do not dispute that they executed the mortgage loan agreement.  Instead, Plaintiffs appear to base their claim entirely on the erroneous conclusion that securitization somehow invalidated the loan and extinguished right to foreclose under the Deed of Trust.  Therefore, Plaintiffs' slander of title claim fails as a matter of law and must be dismissed.

### G. Quiet Title and Declaratory Relief

An action to quiet title may be brought by "any person against another who claims an estate or interest in real property, adverse to him, for purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010; *Del Webb Conservation Holding Corp. v. Tolman*, 44 F. Supp. 2d 1105, 1110-11 (D. Nev. 1999).  In a quiet title action, the plaintiff bears the burden of proving that he possesses title to the property. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).  Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished must overcome the "presumption in favor of the record titleholder." *Id.* (citing *Biasa v. Leavitt*, 692 P.2d 1301, 1304 (Nev. 1985)).

In this case, Plaintiffs seek a declaration from the Court that the securitization of the loan extinguished any interest Defendants held in the Property, and therefore Plaintiffs possess

1   free and clear title.  However, as discussed *supra*, Plaintiffs' arguments regarding securitization

2   fail as a matter of law.  Accordingly, Plaintiffs' quiet title and declaratory relief claims will be

3   dismissed.

### H. Violation of TILA

5   Any claim arising under TILA is subject to a one-year statute of limitations. 15 U.S.C. §

6   1640(e); *see also King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (explaining that the

7   limitations period runs from the date that the underlying transaction is consummated).  The

8   statute of limitations period begins to run upon execution of the contract because, at that point,

9   a buyer possesses all the information necessary to discover any TILA violations. *See Meyer v.*

10  *Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  However, equitable tolling may, "in

11  the appropriate circumstances, suspend the limitations period until the borrower discovers or

12  had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the

13  TILA action." *King*, 784 F.2d at 915.

14  Plaintiffs allege that Defendants violated TILA by failing to provide them with accurate

15  material disclosures. (Compl. ¶ 139).  Plaintiffs seek statutory damages, equitable restitution,

16  and disgorgement of profits obtained by Defendants. (*Id.* at ¶¶ 142-143).  However, Plaintiffs'

17  claim fails because they do not show that any of the active Defendants in this action were

18  involved in the closing or origination of the mortgage loan.

19  Further, Plaintiffs' TILA claim is time barred.  Plaintiffs obtained the loan on March 3,

20  2010, but did not bring their TILA claim until May 29, 2015, over four years too late.

21  Although Plaintiffs allege that the statute of limitations should be tolled because Defendants did

22  not provide the required disclosures, (Compl. ¶ 140), this conclusory statement relates only to

23  the basis of a TILA claim, and does not present a valid reason to toll the statute of limitations.

24  *See Silvas v. G.E. Money Bank*, 449 F. App'x 641, 644 (9th Cir. 2011) (finding that equitable

25  tolling under TILA is not appropriate when a plaintiff fails to "make any showing of due

diligence to discover the contents of [the] loan documents.").  Plaintiffs' TILA claim will therefore be dismissed.

### I. Violation of RESPA

Plaintiffs allege that Defendants violated RESPA because unspecified payments sent among them "were misleading and designed to create a windfall." (Compl. ¶ 150).  Plaintiffs claim that these payments violated a two-part test promulgated by the U.S. Department of Housing and Urban Development in 1999. (*Id*. ¶¶ 146-151).

RESPA creates a private right of action for three categories of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607; (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608; and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605. *Diep v. Wells Fargo Bank*, No. SACV 14-452-JLS-JPRX, 2014 WL 5089420, at *5 (C.D. Cal. Oct. 9, 2014). Claims brought under § 2607 or § 2608 are subject to a one-year statute of limitations, while claims brought under § 2605 are subject to a three-year statute of limitations, each of which begins to run when the violation occurs. 12 U.S.C. § 2614.

Plaintiffs' allegations do not fit within any of these three categories.  Therefore, Plaintiffs fail to allege facts stating a RESPA claim.  Moreover, as noted above, Plaintiffs claim that they obtained mortgage loan in March 2010.  Thus, Plaintiffs' RESPA claim is barred by the statute of limitations.  Because Plaintiffs have failed to set forth any basis upon which the Court could apply equitable tolling, this claim will be dismissed.

### J. Rescission

It is well established that rescission is a remedy rather than an independent cause of action. *See, e.g.*, *Dombroski v. NV Energy, Inc.*, No. 67405, 2016 WL 1103823, at *1 (Nev. Mar. 18, 2016); *Frederick v. Fed. Nat. Mortgage Ass'n*, No. 2:11-CV-0522-GMN, 2012 WL

1340801, at *6 (D. Nev. Apr. 18, 2012).  Therefore, Plaintiffs' claim for rescission fails as a matter of law and must be dismissed.

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that the pending Motion to Dismiss, (ECF No. 22), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants Dana Bowman and U.S. Bank are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' pending Motions to Strike, (ECF Nos. 8, 12), Motion for Fees, (ECF No. 13), Motion to Remand, (ECF No. 16), and Motion for Entry of Clerk's Default, (ECF No. 21), are **DENIED**.

**DATED** this __25__ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court